LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  +1.415.391.0600
Facsimile:  +1.415.395.8095
E-mail:  peter.wald@lw.com

LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  Andrew R. Gray (Bar No. 254594)
650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
Telephone:  +1.714.540.1235
Facsimile:  +1.714.755.8290
E-mail:  michele.johnson@lw.com
          andrew.gray@lw.com

Attorneys for Nominal Defendant
Quality Systems, Inc. and Defendants Craig
A. Barbarosh, George H. Bristol, James C.
Malone, Peter M. Neupert, Morris Panner, D.
Russell Pflueger, Steven T. Plochocki,
Sheldon Razin, Lance E. Rosenzweig, and
Paul A. Holt

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUSUMAM KOSHY, derivatively on behalf of QUALITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRAIG A. BARBAROSH, GEORGE H. BRISTOL, JAMES C. MALONE, PETER M. NEUPERT, MORRIS PANNER, D. RUSSELL PFLUEGER, STEVEN T. PLOCHOCKI, SHELDON RAZIN, LANCE E. ROSENZWEIG, and PAUL A. HOLT, <br><br> Defendants, <br><br> -and- <br><br> QUALITY SYSTEMS, INC., <br><br> Nominal Defendant. | Case No. 8:17-cv-01694-CJC-JPR <br><br> **Derivative Action** <br><br> **DEFENDANTS' AND NOMINAL DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT** <br><br> Judge:  Hon. Cormac J. Carney <br> Date:  April 16, 2018 <br> Time:  1:30 p.m. <br> Place:  Courtroom 9B <br><br> **<u>Oral Argument Requested</u>** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................... 4

III.  ARGUMENT ................................................................................. 7

    A.    The Statute Of Limitations Bars Plaintiff's Claims ............................ 7

        1.    Plaintiff Filed Her Complaint After The Applicable Statutes Of Limitations Expired .......................... 7

        2.    Plaintiff Cannot Meet Her Burden To Prove That The Statutes Of Limitations Were Tolled ............................... 10

    B.    Plaintiff Has Not Established Demand Futility ................................. 12

        1.    Plaintiff Has Not Established That Any Director Is Interested .............................................................................. 14

            a.    No Director Faces A Substantial Likelihood Of Liability Based Upon The Unjust Enrichment And Insider Trading Claims ...................... 14

            b.    No Director Faces A Substantial Likelihood Of Liability Based Upon The Disclosure Claim ................................................................... 15

            c.    No Director Faces A Substantial Likelihood Of Liability Based Upon The Oversight Claim ................................................................... 17

                (1)    Plaintiff Admits That QSI Maintained A System Of Internal Controls ........................... 18

                (2)    Plaintiff Does Not Allege That The Board Consciously Disregarded Its Duties ................................................................. 19

            d.    No Director Faces A Substantial Likelihood Of Liability Based Upon The Abuse-Of-Control Claim ............................................................ 20

            e.    No Director Faces A Substantial Likelihood Of Liability For Adopting Amended Indemnification Agreements .......................................... 22

            f.    No Director Faces A Substantial Likelihood Of Liability In Connection with Plochocki's Separation ................................................................. 22

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

i

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

2.      Plaintiff Has Failed To Establish That Any
        Director Lacks Independence ...................................................24

        a.      Conclusory Assertions That Directors Lack
                Independence Are Not Sufficient To
                Overcome The Presumption Of
                Independence...................................................................24

        b.      Razin's Share Ownership And Frantz's
                Position At QSI Are Not Determinative Of
                Independence...................................................................25

IV.   CONCLUSION ...........................................................................25

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

ii

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Apple, Inc. v. Superior Court*,
  2017 WL 6275830 (Cal. Ct. App. Dec. 11, 2017) ............................................ 12

*Aronson v. Lewis*,
  473 A.2d 805 (Del. 1984) .............................................................................. 12, 13

*Baca v. Crown*,
  2010 WL 2812697 (D. Ariz. Jan. 8, 2010) .................................... 13, 15, 21, 22

*Bader v. Anderson*,
  179 Cal. App. 4th 775 (2009) ........................................................ 12, 13, 23, 24

*Beam v. Stewart*,
  845 A.2d 1040 (Del. 2004) ............................................................................. 24, 25

*Deirmenjian v. Deutsche Bank, A.G.*,
  526 F. Supp. 2d 1068 (C.D. Cal. 2007) ............................................................ 7, 11

*Desimone v. Barrows*,
  924 A.2d 908 (Del. Ch. 2007) ............................................................................. 18

*Eberhard v. Cal. Highway Patrol*,
  73 F. Supp. 3d 1122 (N.D. Cal. 2014) ............................................................. 9, 10

*Fosbre v. Matthews*,
  2010 WL 2696615 (D. Nev. July 2, 2010) .......................................................... 15

*Gordon v. Bindra*,
  2014 WL 2533798 (C.D. Cal. 2014) ................................................................... 17

*Gustafson v. BAC Home Loans Servicing, LP*,
  2012 WL 7071488 (C.D. Cal. Dec. 26, 2012) ...................................................... 8

*Gutierrez v. Mofid*,
  39 Cal. 3d 892 (1985) ..................................................................................... 9, 11

*Guttman v. Huang*,
  823 A.2d 492 (Del. Ch. 2003) ......................................................................... 13, 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iii

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

*Haberland v. Bulkeley*,
   896 F. Supp. 2d 410 (E.D.N.C. 2012) .............................................................. 21

*In re Accuray, Inc. S'holder Deriv. Litig.*,
   757 F. Supp. 2d 919 (N.D. Cal. 2010) ....................................................... 15, 23

*In re Am. Apparel, Inc. S'holder Deriv. Litig.*,
   2012 WL 9506072 (C.D. Cal. July 31, 2012) ................................................. 20

*In re Am. Int'l Grp., Inc. Deriv. Litig.*,
   700 F. Supp. 2d 419 (S.D.N.Y. 2010), *aff'd*, 415 F. App'x 285 (2d
   Cir. 2011) ................................................................................................... 15, 25

*In re Asyst Techs., Inc., Deriv. Litig.*,
   2008 WL 2169021 (N.D. Cal. May 23, 2008) ................................................... 8

*In re Baxter Int'l, Inc. S'holders Litig.*,
   654 A.2d 1268 (Del. Ch. 1995) ...................................................................... 14

*In re Caremark Int'l Inc. Deriv. Litig.*,
   698 A.2d 959 (Del. Ch. 1996) .................................................................. 17, 18

*In re China Auto. Sys. Inc. Deriv. Litig.*,
   2013 WL 4672059 (Del. Ch. Aug. 30, 2013) .................................................. 15

*In re Citigroup Inc. S'holder Deriv. Litig.*,
   964 A.2d 106 (Del. Ch. 2009) ........................................................................ 16

*In re Coinstar Inc. S'holder Deriv. Litig.*,
   2011 WL 5553778 (W.D. Wash. Nov. 14, 2011) ........................................... 17

*In re Dow Chem. Co. Deriv. Litig.*,
   2010 WL 66769 (Del. Ch. Jan. 11, 2010) ................................................. 18, 24

*In re Edison Int'l Deriv. Litig.*,
   2016 WL 4793186 (S.D. Cal. Sept. 14, 2016) ................................................ 13

*In re Extreme Networks, Inc.*,
   573 F. Supp. 2d 1228 (N.D. Cal. 2008) .......................................................... 17

*In re Gen. Motors Co. Deriv. Litig.*,
   2015 WL 3958724 (Del. Ch. June 26, 2015) .................................................. 19

*In re Goldman Sachs Grp., Inc. S'holder Litig.*,
   2011 WL 4826104 (Del. Ch. Oct. 12, 2011) .................................................. 13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iv

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

*In re HP Deriv. Litig.*,
   2012 WL 4468423 (N.D. Cal. Sept. 25, 2012)........................................................23

*In re Impax Labs., Inc. S'holder Deriv. Litig.*,
   2015 WL 5168777 (N.D. Cal. Sept. 3, 2015)...............................................13, 20

*In re J.P. Morgan Chase & Co. S'holder Litig.*,
   2005 WL 5783536 (Del. Ch. Apr. 29, 2005) ........................................................25

*In re Johnson & Johnson Deriv. Litig.*,
   865 F. Supp. 2d 545 (D.N.J. 2011).......................................................................20

*In re Maxwell Techs., Inc. Deriv. Litig.*,
   2014 WL 2212155 (S.D. Cal. May 27, 2014) ...............................................23, 25

*In re Polycom, Inc. Deriv. Litig.*,
   78 F. Supp. 3d 1006 (N.D. Cal. 2015)...........................................16, 18, 23

*In re Silicon Graphics Inc. Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ...............................................................................13

*In re VeriSign, Inc. Deriv. Litig.*,
   531 F. Supp. 2d 1173 (N.D. Cal. 2007) ..............................................................21

*In re Yahoo! Inc. S'holder Deriv. Litig.*,
   153 F. Supp. 3d 1107 (N.D. Cal. 2015) ........................................................passim

*Jackson v. McMillin*,
   2006 WL 279335 (N.D. Cal. Feb. 6, 2006)............................................................9

*Kamen v. Kemper Fin. Servs., Inc.*,
   500 U.S. 90 (1991) ..............................................................................................12

*Leyte-Vidal v. Semel*,
   220 Cal. App. 4th 1001 (2013) ...........................................................................12

*Love v. Fire Ins. Exch.*,
   221 Cal. App. 3d 1136 (1990) .............................................................................11

*Marino v. Countrywide Fin. Corp.*,
   26 F. Supp. 3d 955 (C.D. Cal. 2014)...........................................................10, 11

*McCabe v. Foley*,
   424 F. Supp. 2d 1315 (M.D. Fla. 2006) ..............................................................24

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

v

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

*McFall v. Stacy & Witbeck, Inc.*,
   2016 WL 6248882 (N.D. Cal. Oct. 26, 2016)..............................................8, 11

*Oakland Raiders v. Nat'l Football League*,
   93 Cal. App. 4th 572 (2001) .............................................................................12

*Oswald v. Humphreys*,
   2016 WL 6582025 (N.D. Cal. Nov. 7, 2016) ....................................................12

*Potter v. Hughes*,
   546 F.3d 1051 (9th Cir. 2008) ..........................................................................12

*Rales v. Blasband*,
   634 A.2d 927 (Del. 1993)..................................................................................12

*Rosenblatt v. Ernst & Young Int'l, Ltd.*,
   87 F. Supp. 2d 1048 (S.D. Cal. 2000), *rev'd on other grounds*, 28
   F. App'x 731 (9th Cir. 2002)...............................................................................9

*South v. Baker*,
   62 A.3d 1 (Del. Ch. 2012) ...........................................................................18, 19

*Stiegele v. Bailey*,
   2007 WL 4197496 (D. Mass. Aug. 23, 2007).................................................25

*Stone v. Ritter*,
   911 A.2d 362 (Del. 2006)..................................................................................18

*Valencia v. Carrington Mortg. Servs., LLC*,
   2012 WL 12883834 (D. Haw. July 31, 2012)..................................................10

*Wagner v. Selinger*,
   2000 WL 85318 (Del. Ch. Jan. 18, 2000) .......................................................24

*Wood v. Baum*,
   953 A.2d 136 (Del. 2008)............................................................................17, 19

*Yamauchi v. Cotterman*,
   84 F. Supp. 3d 993 (N.D. Cal. 2015)................................................................10

*Zoumboulakis v. McGinn*,
   148 F. Supp. 3d 920 (N.D. Cal. 2015)..............................................................15

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

vi

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1

## STATUTES

42 U.S.C. § 1395w-4(o)(1)(A) ...................................................................... 4

42 U.S.C. § 1395w-4(o)(1)(E) ...................................................................... 4

Cal. Civ. Proc. Code § 338(d) ...................................................................... 8

Cal. Corp. Code § 1601 ................................................................................ 6

## RULES

Fed. R. Civ. P. 12(b)(6) ................................................................................ 7

Fed. R. Civ. P. 23.1 ................................................................................. 2, 12

## REGULATIONS

75 Fed. Reg. 44,314 (July 28, 2010) ........................................................... 5

77 Fed. Reg. 13,698 (Mar. 7, 2012) ............................................................ 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

vii

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

Nominal defendant QSI and Defendants (as defined in the Notice of Motion and Motion) move to dismiss Plaintiff's Complaint with prejudice.

## I.      INTRODUCTION

QSI's share price fell 33% on July 26, 2012.  Over the next eighteen months, investors filed several lawsuits related to this stock drop.  Former director (and second-largest shareholder) Ahmed Hussein filed an action in California state court in October 2013 (the "Hussein Action").  A group of investors filed a securities class action complaint in this Court in November 2013 (the "Securities Class Action").  Shareholder Timothy Foss filed a derivative action in this Court in January 2014 (the "Foss Derivative Action").  All of these lawsuits claimed that QSI and certain of its officers and directors misrepresented the Company's growth prospects during 2011 and 2012, and that the stock price declined on July 26, 2012, after QSI did not affirm its prior projections—thereby revealing the alleged falsity of earlier statements.  The California Superior Court granted summary judgment in favor of defendants and dismissed the Hussein Action.  This Court likewise dismissed the Securities Class Action, but the Ninth Circuit reversed on July 28, 2017.  The Foss Derivative Action was stayed pending resolution of the Securities Class Action appeal.

Only after the Ninth Circuit's decision—issued five years after the underlying events at issue—did Plaintiff file the instant lawsuit, purportedly on behalf of the Company.  Plaintiff's Complaint largely parrots allegations from the three other actions.  In particular, Plaintiff contends that former QSI executives and certain directors breached their fiduciary duties and abused their control over the Company by (i) "causing or allowing the Company to disseminate materially misleading and inaccurate information" in 2011 and 2012 (the "disclosure claim"); (ii) failing to ensure that QSI adopted "an effective system of internal controls" over financial reporting (the "oversight claim"); and (iii) failing to seek recoupment of trading proceeds and incentive compensation obtained as a result of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

the alleged misstatements (the "recoupment claim").  Plaintiff also asserts that former CEO Plochocki engaged in insider trading in 2012, and that Plochocki, former CFO Holt, and Board member Razin were unjustly enriched.

Plaintiff's Complaint should be dismissed with prejudice for two independent reasons.  First, the relevant statutes of limitations bar her claims.  Under California law, Plaintiff's purported causes of action accrued at the time she learned, or should have learned, the facts essential to her claims—regardless of whether she was aware of the theories on which the claims were based.  By Plaintiff's own admission, the facts essential to her claims—*i.e.*, the alleged revelation that QSI's statements regarding its financial prospects were false—became known on July 26, 2012.  She did not file the Complaint until September 28, 2017, well after the relevant statutes of limitations expired.  Her claims are untimely and should be dismissed.

Second, Plaintiff cannot prosecute claims on behalf of the Company because she has not complied with the shareholder demand requirements under Federal Rule of Civil Procedure 23.1.  It is a fundamental precept of corporate governance that the board of directors, not an individual shareholder, has the right and responsibility to exercise control of the company.  The decision to initiate a lawsuit on behalf of the company is an essential element of that control.  For this reason, shareholders like Plaintiff may pursue derivative claims only in rare circumstances: where the shareholder has made a demand to initiate litigation that the board has wrongfully refused, or where demand is excused because a majority of the board is incapable of impartially considering it.

Plaintiff did not make a demand before filing this lawsuit.  Consequently, she must allege particularized facts demonstrating that a majority of QSI's Board at the time Plaintiff filed her Complaint—Defendants Barbarosh, Bristol, Malone, Panner, Razin and Rosenzweig, as well as Jeffrey Margolis, Julie Klapstein, and Rusty Frantz—either was interested or lacked independence, and therefore was

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1  incapable of making an informed decision as to whether the filing of a lawsuit was

2  in the Company's best interest.  The Complaint comes nowhere close to satisfying

3  this rigorous standard.

4        In order to meet her burden, Plaintiff must plead particularized facts

5  establishing that at least five of the nine directors face a substantial likelihood of

6  liability on her claims (and are thus interested), or are so beholden to an interested

7  person that their judgment would have been sterilized (and thus lack

8  independence).  Plaintiff does not adequately allege either prong.

9        Regarding interestedness, Plaintiff cannot show that a majority of the Board

10  faces a substantial likelihood of liability on any of her claims.  The unjust

11  enrichment claim addresses only one director (Razin), and the insider trading claim

12  addresses none of them (it pertains to Plochocki—a non-director).  With respect to

13  the remaining claims (disclosure, oversight, and recoupment), a majority of the

14  current Board cannot face any liability because they joined after the alleged

15  misconduct occurred.  This alone ends the demand-futility inquiry.

16        But even as to the directors who were on the Board at the time of the alleged

17  misstatements, Plaintiff's allegations fall far short of establishing a substantial

18  likelihood of liability on any of her claims.  With respect to the disclosure claim,

19  Plaintiff must plead, among other things, particularized facts showing that the

20  alleged false statements were made knowingly or in bad faith.  Plaintiff does not

21  plead any facts establishing that the Board was involved in drafting the alleged

22  misstatements, much less that any of the directors made the disclosures with

23  knowledge that they were false or misleading.  With respect to the oversight claim,

24  Plaintiff must allege that the directors (a) "utterly failed" to implement any internal

25  controls, or (b) having implemented those controls, "consciously failed to monitor"

26  or oversee them.  Plaintiff concedes that the Company did not "utterly fail" to

27  implement controls by admitting that the Company had an oversight program.  Nor

28  does Plaintiff allege that any director consciously ignored alleged deficiencies in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1  the Company's control system.  At most, Plaintiff points to two letters from the

2  Securities and Exchange Commission ("SEC") in 2012, which asked about the

3  assumptions regarding QSI's forecasts.  The Company addressed the letters within

4  days—and the SEC took no further action.  The recoupment claim fails for similar

5  reasons.  Board decisions on executive employment and compensation are entitled

6  to great deference.  Plaintiff does not allege any particularized facts demonstrating

7  that recoupment of executives' compensation in 2012 would have been

8  appropriate.

9      Because Plaintiff has failed to establish that any current director faces a

10  substantial likelihood of liability on her claims, the question of director

11  independence need not be examined—independence is only relevant to the

12  demand-futility analysis when there exists an interested person.  But even if

13  Plaintiff had shown that any director was interested, she does not plead

14  particularized facts demonstrating that any other director was so beholden to the

15  interested person that he could not exercise his own discretion in deciding whether

16  to bring the asserted claims.  Plaintiff has not met her burden to establish demand

17  futility.  Her Complaint should be dismissed with prejudice.

18  **II.    FACTUAL AND PROCEDURAL BACKGROUND**[1]

19      QSI is a publicly-traded California corporation that develops and markets

20  electronic health records solutions for medical and dental providers.  Compl.

21  ¶¶ 2, 16.  In 2009, Congress passed the American Recovery and Reinvestment Act

22  of 2009 ("ARRA"), which, among other things, provided incentives to promote the

23  adoption of electronic healthcare record ("EHR") technology.  42 U.S.C. § 1395w-

24  4(o)(1)(A), (E).  In 2010, the U.S. Department of Health and Human Services

25  ("HHS") adopted rules pursuant to which medical providers that adopted certified

26

27  [1] This background is based upon the allegations and documents referenced in the
    Complaint and documents subject to judicial notice.  The exhibits cited are
28  attached to the Declaration of Andrew R. Gray, which is filed with this motion.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

EHR technology would be entitled to receive incentive payments between 2011 and 2013.  75 Fed. Reg. 44,314, 44,321-23 (July 28, 2010).

As a provider of certified EHR technology, QSI believed that ARRA would spur growth.  *See* Compl. ¶¶ 2, 39.  Accordingly, when QSI released its fiscal year 2011 results on May 26, 2011, it also announced that for fiscal year 2012 ("FY2012"), it agreed with analysts' projections that the Company's revenue and earnings would increase year-over-year.[2]  *Id.*  For the first three quarters of FY2012, QSI experienced record growth.  *See id.* ¶¶ 44, 48, 55, 57.  As its results surpassed expectations, QSI increased its FY2012 guidance.  *See id.*  During the last month of QSI's FY2012, HHS proposed delaying the roll-out of certain previously adopted rules to allow "vendors to develop Certified EHR Technology."  77 Fed. Reg. 13,698, 13,701 (Mar. 7, 2012).

On May 10, 2012, QSI announced its preliminary FY2012 results:  while the Company achieved its revenue guidance, it missed the earnings guidance.  *See* Ex. 3.  QSI explained that delays in closing certain deals had caused its guidance miss.  Compl. ¶¶ 65, 78.  QSI remained confident in its prospects, however, and announced that for FY2013, it expected revenues and earnings to increase 20% to 24%, and 20% to 25%, respectively—generally in line with QSI's five-year average compound annual growth rate.  *Id.* ¶¶ 66, 75.  QSI reiterated the guidance in connection with a proxy contest brought by Ahmed Hussein.  *Id.* ¶¶ 87-88.

QSI announced its first quarter FY2013 results on July 26, 2012.  *Id.* ¶ 95.  While QSI's quarterly revenue increased 18% from the prior year, its earnings (though positive) decreased year-over-year.  *See id.* ¶ 95; Ex. 4.  Because of "lower than expected revenue from large, higher margin software system sales" and the "evolving conditions affecting [QSI's] industry," QSI announced that it would not

---

[2] QSI's FY2012 began on April 1, 2011 and ended March 31, 2012.  Its fiscal year 2013 ("FY2013") began on April 1, 2012 and ended on March 31, 2013.  Compl. at 3 n.2.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

5

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1    affirm its prior guidance.  Compl. ¶ 96; Ex. 4.  QSI's share price fell 33% that day.

2        In October 2013, Hussein filed a lawsuit against QSI, its then-CEO

3    Plochocki, and its Board chairman Razin in California state court, alleging fraud

4    and breach of fiduciary duty in connection with the July 26, 2012 disclosure and

5    stock price decline—which, according to Hussein, forced the sale of millions of his

6    QSI shares that he had pledged as collateral for loans.  Compl. ¶ 105.  The court

7    granted summary judgment to defendants in September 2015.

8        On November 19, 2013, the Deerfield Beach Police Pension Fund filed the

9    Securities Class Action in this Court against the Company, Plochocki, Razin, and

10   then-CFO Holt.  The Securities Class Action similarly alleged that QSI made

11   material misstatements regarding its growth prospects and that the truth about these

12   purported misstatements became known on July 26, 2012.  *Id.* ¶ 106.  In January

13   2014, Timothy Foss filed a derivative action in this Court, alleging breaches of

14   fiduciary duty, abuse of control, mismanagement, unjust enrichment, and insider

15   trading against certain members of QSI's Board.  *See Foss v. Barbarosh*, No. 8:14-

16   cv-00110-CJC-JPR, Dkt. No. 1 (C.D. Cal. Jan. 24, 2014).  The allegations in the

17   Foss Derivative Action closely track those in the Securities Class Action.  *See id.*

18       In late September 2017—over five years after QSI declined to affirm its

19   FY2013 guidance—Plaintiff filed this lawsuit.  *See* Compl.  Plaintiff brings claims

20   against two former QSI officers (Plochocki and Holt), three former directors

21   (Plochocki, Neupert, and Pflueger), and six current directors (Barbarosh, Bristol,

22   Malone, Panner, Razin, and Rosenzweig).  Plaintiff does not assert any claims

23   against three current Board members (Frantz, Klapstein, and Margolis).  Plaintiff's

24   Complaint cribs heavily from the earlier-filed actions, but tacks on allegations

25   regarding QSI's adoption of a revised form indemnity agreement in January 2013,

26   and the Company's approval of a separation agreement for Plochocki in June 2015.

27   Before filing, Plaintiff did not make a books-and-records inspection request.  *See*

28   Cal. Corp. Code § 1601.  Nor did she make a pre-suit demand on QSI's nine-

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1  member Board—which had changed considerably since 2012, as reflected in the

2  table below.  Compl. ¶¶ 167-68.

| Composition of QSI Board of Directors | | | |
|---|---|---|---|
| **July 26, 2012** (*see* Compl. ¶ 87) | **2013 Indemnification Agmts.** (*see id.* ¶ 177) | **2015 Plochocki Retirement** (*see id.* ¶ 170) | **Board at time of Complaint** (*id.* ¶ 167) |
| Craig Barbarosh | Craig Barbarosh | Craig Barbarosh | Craig Barbarosh |
| Murray Brennan | | | |
| George Bristol | George Bristol | George Bristol | George Bristol |
| | | | Rusty Frantz |
| Ahmed Hussein | Ahmed Hussein | | |
| | | | Julie Klapstein |
| | | James Malone | James Malone |
| | | Jeffrey Margolis | Jeffrey Margolis |
| | | Morris Panner | Morris Panner |
| Russell Pflueger | Russell Pflueger | Russell Pflueger | |
| Steven Plochocki | Steven Plochocki | | |
| Sheldon Razin | Sheldon Razin | Sheldon Razin | Sheldon Razin |
| Lance Rosenzweig | Lance Rosenzweig | Lance Rosenzweig | Lance Rosenzweig |
| Maureen Spivack | | | |

## III.   ARGUMENT

Plaintiff's Complaint should be dismissed with prejudice for two independent reasons.  First, the statute of limitations bars Plaintiff's claims. Second, Plaintiff lacks standing to pursue her claims because she has not complied with the shareholder demand requirements of Rule 23.1.

### A.   The Statute Of Limitations Bars Plaintiff's Claims

#### 1.   Plaintiff Filed Her Complaint After The Applicable Statutes Of Limitations Expired

A complaint is "properly dismissed under Rule 12(b)(6) where it is apparent on the face of the pleading that plaintiff's claims are barred by the statute of limitations." *Deirmenjian v. Deutsche Bank, A.G.*, 526 F. Supp. 2d 1068, 1073 (C.D. Cal. 2007).  Plaintiff brings four causes of action; the applicable statutes of limitations bar all of them.

Plaintiff's claims revolve around a single subject:  allegedly false statements made by QSI in 2011 and 2012 regarding its financial prospects.  Counts I and IV assert causes of action for breach of fiduciary duty.  Count I pertains to "materially

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

misleading and inaccurate" statements made by QSI, and the "deficient internal controls" that allowed QSI to make the allegedly false statements.  *See* Compl. ¶¶ 188-92.  Count IV alleges that in February 2012, Plochocki sold QSI stock when he possessed material non-public information regarding the Company's "current and future earnings prospects."  *Id.* ¶¶ 201-04.  Fiduciary duty claims are governed by a three-year statute of limitations if they sound in fraud, and a four-year statute of limitations if they do not.  *See* Cal. Civ. Proc. Code § 338(d) (providing for a three-year statute of limitations for fraud); *McFall v. Stacy & Witbeck, Inc.*, 2016 WL 6248882, at *2 (N.D. Cal. Oct. 26, 2016) (statute of limitations governing a breach of fiduciary duty claim is "three years or four years, depending on whether the breach is fraudulent or non-fraudulent").  Counts I and IV both sound in fraud because they relate to allegations that Defendants knowingly issued false statements.  A three-year statute of limitations therefore applies—though the claims are barred even under the four-year limitations period.

Count II—against all Defendants for "abuse of control"—repackages the fiduciary duty claims under a different name, and alleges that Defendants improperly failed "to seek recoupment of insider trading proceeds and incentive compensation" obtained as a result of the alleged misstatements.  Compl. ¶ 194.  It too sounds in fraud, and therefore is governed by a three-year statute of limitations. *See In re Asyst Techs. Inc. Deriv. Litig.*, 2008 WL 2169021, at *6 (N.D. Cal. May 23, 2008) (three-year statute of limitations applies to abuse of control claims where complaint is based on fraud allegations).

Count III asserts that Razin, Plochocki, and Holt were unjustly enriched in connection with the alleged misstatements.  Compl. ¶¶ 198-200.  It is governed by a two-year statute of limitations.  *See Gustafson v. BAC Home Loans Servicing, LP*, 2012 WL 7071488, at *11 (C.D. Cal. Dec. 26, 2012) (unjust enrichment governed by two-year statute of limitations).

To assess whether Plaintiff filed her claims within the applicable limitations

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

8

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   period, the Court first must determine when the claims accrued—*i.e.*, when the

2   statute of limitations commenced.  *See Jackson v. McMillin*, 2006 WL 279335, at

3   *2 (N.D. Cal. Feb. 6, 2006).  Under California law, the statute begins to run "no

4   later than the time the plaintiff learns, or should have learned, the facts essential to

5   his claim. . . . It is irrelevant that the plaintiff is ignorant of his legal remedy or the

6   legal theories underlying his cause of action."  *Gutierrez v. Mofid*, 39 Cal. 3d 892,

7   897 (1985); *see also Rosenblatt v. Ernst & Young Int'l, Ltd.*, 87 F. Supp. 2d 1048,

8   1053 (S.D. Cal. 2000) (fiduciary duty claims accrue upon discovering "that facts

9   had been concealed"), *rev'd on other grounds*, 28 F. App'x 731 (9th Cir. 2002).

10      Because Plaintiff's causes of action relate to allegedly false and misleading

11   statements about QSI's sales and earnings prospects, the claims accrued no later

12   than ***July 26, 2012***, when by Plaintiff's own allegation, the "truth" regarding those

13   statements was exposed.  Plaintiff states that QSI's July 26, 2012 disclosure

14   "revealed" that the Company's financial condition was "contrary to Defendants'

15   repeated claims."  Compl. ¶ 95; *see also, e.g.*, *id.* ¶ 99 (the July 26, 2012 statement

16   disclosed "QSI's true financial condition").  Plaintiff did not file her Complaint

17   until ***September 28, 2017***, more than five years after the claims accrued, and

18   several years after the relevant statutes of limitations expired.  Plaintiff's claims are

19   barred.

20      Plaintiff also avers in the body of her Complaint that Defendants breached

21   their fiduciary duties by amending certain indemnification agreements in January

22   2013.  *See id.* ¶¶ 146-48.  Neither of her breach of fiduciary counts mention these

23   agreements, however.  Those counts pertain entirely to separate conduct—

24   allegedly false and misleading statements, deficient internal controls, and insider

25   trading.  *See id.* ¶¶ 188-92, 201-04.  Plaintiff therefore has failed to allege a cause

26   of action based upon the indemnification agreements.  *See Eberhard v. Cal.*

27   *Highway Patrol*, 73 F. Supp. 3d 1122, 1132 (N.D. Cal. 2014) (claim dismissed

28   where "the allegations in the count" were silent as to the alleged misconduct);

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1  *Valencia v. Carrington Mortg. Servs., LLC*, 2012 WL 12883834, at *6 (D. Haw.

2  July 31, 2012) (claim for breach of covenant of good faith and fair dealing in

3  connection with specific contract dismissed where counts did not mention the

4  contract).  Regardless, any claim for breach of fiduciary duty based on the

5  indemnification agreements is also time barred.  Plaintiff admits that QSI

6  announced the amendments on January 28, 2013 (Compl. ¶ 148)—more than four

7  years before Plaintiff filed her Complaint.

8         Plaintiff also suggests that the Defendants breached their fiduciary duties by

9  not firing Plochocki "for his wrongful conduct."  *See id*. ¶¶ 160-163.  Again, her

10  counts do not address this issue; it therefore cannot form the basis for her claims.

11  *See Eberhard*, 73 F. Supp. 3d at 1132; *Valencia*, 2012 WL 12883834, at *6.

12  Furthermore, even if this "claim" were pled properly, it would be time barred,

13  since the truth regarding Plochocki's alleged misconduct became known no later

14  than July 26, 2012.  To the extent Plaintiff claims that Plochocki was unjustly

15  enriched by his separation agreement, it is untimely:  QSI disclosed the agreement

16  more than two years before Plaintiff filed her Complaint.  *See* Compl. ¶ 161.

### 2.    Plaintiff Cannot Meet Her Burden To Prove That The Statutes Of Limitations Were Tolled

17

18         Plaintiff cannot salvage her untimely claims by demonstrating that the

19  statutes of limitations were tolled.  To toll the accrual of her claims under

20  California's discovery rule, Plaintiff must make particularized allegations showing

21  (1) the time and manner of her discovery of the facts supporting her cause of

22  action; and (2) an inability to have discovered the facts earlier despite reasonable

23  diligence.  *See Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 955, 962 (C.D.

24  Cal. 2014); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1011 (N.D. Cal. 2015)

25  ("A plaintiff relying on the discovery rule to show delayed accrual of a cause of

26  action bears the burden of 'pleading and proving belated discovery.'") (citation

27  omitted).  Specifically, Plaintiff must establish that "despite diligent investigation

28  of the circumstances of the injury, . . . she could not have reasonably discovered

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   facts supporting the cause of action within the applicable statute of limitations

2   period." *Deirmenjian*, 526 F. Supp. 2d at 1092.  Plaintiff's own allegations

3   demonstrate that she does not meet this burden.

4        First, Plaintiff does not claim to have diligently investigated the facts

5   surrounding her causes of action.  *See id.* at 1093 (dismissing claim where plaintiff

6   did not allege "any facts regarding the steps he . . . took to discover the claims,

7   such that his . . . diligence can be assessed").  Nor does she assert that despite such

8   investigation, she could not reasonably have discovered the alleged wrongdoing.

9   On the contrary, she readily admits that the alleged truth was revealed publicly on

10   July 26, 2012.  *See supra* Section III.A.1; *see also Marino*, 26 F. Supp. 3d at 962-

11   63 ("it would be impossible for [plaintiff] to allege facts demonstrating that the

12   discovery rule would allow him to avoid the statute of limitations" where "much of

13   the information on which he bases his allegations was publicly available").

14        Plaintiff alleges that the October 4, 2013 complaint filed by former QSI

15   director Ahmed Hussein "was the first publicly-filed document that alleged

16   breaches of fiduciary duty by Defendants Razin and Plochocki."  Compl. ¶ 105.

17   But under California law, a claim accrues when Plaintiff learns, or should have

18   learned, the *facts* underlying her claim.  *See Deirmenjian*, 526 F. Supp. 2d at 1092.

19   That Plaintiff allegedly did not know the legal theories underlying her causes of

20   action or the identity of the alleged wrongdoers does not toll the statute of

21   limitations.  *See Gutierrez*, 39 Cal. 3d at 897; *Love v. Fire Ins. Exch.*, 221 Cal.

22   App. 3d 1136, 1143 (1990) ("[K]nowledge of the facts, rather than knowledge of

23   the available legal theories or remedies, starts the statute of limitations." (citations

24   and quotations omitted)); *McFall*, 2016 WL 6248882, at *4 ("The discovery rule

25   allows accrual of the cause of action even if the plaintiff does not have reason to

26   suspect the defendant's identity[.]").  Plaintiff has not established—and cannot

27   establish—that the statutes of limitations were tolled.  Her claims are untimely and

28   should be dismissed.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

### B.    Plaintiff Has Not Established Demand Futility

Under Rule 23.1, a putative derivative plaintiff either must make a pre-suit demand on a company's board of directors to enforce a company right, or "state with particularity" the reasons why making such demand would be futile.  *See* Fed. R. Civ. P. 23.1.  "[S]trict compliance with Rule 23.1 . . . is necessary before a derivative suit can wrest control of an issue from the board of directors."  *Potter v. Hughes*, 546 F.3d 1051, 1058 (9th Cir. 2008).

Where, as here, Plaintiff did not make a pre-suit demand on the Company's Board, the Complaint must be dismissed unless she alleges particularized facts showing that demand would have been futile under the law of the Company's state of incorporation, *i.e.*, California.  *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991).[3]  California courts employ two tests in assessing demand futility:  (1) the *Aronson* test, which applies when the claim challenges a specific board decision or action; and (2) the *Rales* test, which applies in all other circumstances.  *See Bader v. Anderson*, 179 Cal. App. 4th 775, 791 (2009) (citing *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984) and *Rales v. Blasband*, 634 A.2d 927 (Del. 1993)); *Apple, Inc. v. Superior Court*, 2017 WL 6275830, at *2 (Cal. Ct. App. Dec. 11, 2017) (same).  The inquiry under both tests essentially is identical. *See Leyte-Vidal v. Semel*, 220 Cal. App. 4th 1001, 1010-11 (2013).  Under either test, demand is excused where particularized factual allegations "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."  *Bader*, 179 Cal. App. 4th at 791-92; *see also Oswald v. Humphreys*, 2016 WL 6582025, at *1 (N.D. Cal. Nov. 7, 2016).

---

[3] In matters of corporate governance, California law is identical to Delaware law "for all practical purposes."  *See Oakland Raiders v. Nat'l Football League*, 93 Cal. App. 4th 572, 586 n.5 (2001).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1    Specifically, Plaintiff must establish that a majority of the Board at the time
2    the Complaint is filed (1) is "interested"—*i.e.*, that a director's actions were "so
3    egregious . . . that . . . a substantial likelihood of . . . liability" exists with respect to
4    one of the alleged claims (*Aronson*, 473 A.2d at 815); or (2) lacks
5    "independence"—*i.e.*, "is 'beholden' to an interested director or officer, 'or so
6    under their influence that their discretion would be sterilized.'" *Bader*, 179 Cal.
7    App. 4th at 792 (citations omitted); *see also In re Silicon Graphics Inc. Sec. Litig.*,
8    183 F.3d 970, 990 (9th Cir. 1999) (a "mere threat" of liability is insufficient to
9    establish demand futility).  To meet this standard, Plaintiff must satisfy a heavy
10   burden that is "more onerous than that required to withstand a Rule 12(b)(6)
11   motion." *Baca v. Crown*, 2010 WL 2812697, at *5 (D. Ariz. Jan. 8, 2010).
12   Plaintiff also must overcome the presumption that directors are "faithful to their
13   fiduciary duties." *In re Impax Labs., Inc. S'holder Deriv. Litig.*, 2015 WL
14   5168777, at *4 (N.D. Cal. Sept. 3, 2015) (citation omitted).

15           In assessing whether a director is interested, the likelihood of liability is
16   "significantly lessened" where the Company's certificate of incorporation
17   exculpates directors from liability to the extent authorized by applicable law.  *In re*
18   *Goldman Sachs Grp., Inc. S'holder Litig.*, 2011 WL 4826104, at *18 (Del. Ch.
19   Oct. 12, 2011); *see also In re Edison Int'l Deriv. Litig.*, 2016 WL 4793186, at *4
20   (S.D. Cal. Sept. 14, 2016) (in assessing demand futility, court must "take[] into
21   consideration the exculpatory provisions in [company's] certificate of
22   incorporation").  Because QSI has adopted such a provision (Exs. 1-2), a
23   substantial threat of liability necessary to render a member of the Board interested
24   "may only be found to exist if the plaintiff pleads a *non-exculpated* claim against
25   the directors based on particularized facts." *Guttman v. Huang*, 823 A.2d 492, 501
26   (Del. Ch. 2003).  This means "plaintiffs must plead particularized facts showing
27   bad faith" to establish a substantial likelihood of liability. *Goldman*, 2011 WL
28   4826104, at *18 (citation omitted).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1    Plaintiff does not allege particularized facts sufficient to establish that any

2   Board member—let alone a majority—engaged in such "egregious" (*i.e.*, bad faith)

3   conduct that they face a substantial likelihood of liability on Plaintiff's claims.  *In*

4   *re Baxter Int'l, Inc. S'holders Litig.*, 654 A.2d 1268, 1271 (Del. Ch. 1995).  Nor

5   does Plaintiff adequately allege that any Board member is beholden to an

6   interested person and therefore lacks independence.  Her Complaint should be

7   dismissed with prejudice.  *See, e.g.*, *In re Yahoo! Inc. S'holder Deriv. Litig.*, 153 F.

8   Supp. 3d 1107, 1128 (N.D. Cal. 2015) (dismissing complaint with prejudice for

9   failure to establish demand futility).

10              **1.      Plaintiff Has Not Established That Any Director Is
                        Interested**

11   Plaintiff asserts four causes of action:  (1) unjust enrichment against Razin,

12   Plochocki, and Holt; (2) breach of fiduciary duty against Plochocki for insider

13   trading; (3) breach of fiduciary duty against all Defendants based upon the

14   disclosure claim and the oversight claim; and (4) abuse of control against all

15   Defendants based upon the recoupment claim and a repackaging of the disclosure

16   claim.  Plaintiff does not assert any claims against three Board members—Frantz,

17   Margolis, and Klapstein.  To excuse demand based upon interestedness, therefore,

18   Plaintiff must demonstrate that five of the remaining six directors face a substantial

19   likelihood of liability on one of the claims.  She cannot do so.  Indeed, as described

20   below, a majority of the Board joined after the alleged misconduct took place, and

21   thus cannot be liable for any of Plaintiff's claims.

22              **a.      No Director Faces A Substantial Likelihood Of
                        Liability Based Upon The Unjust Enrichment And
23                      Insider Trading Claims**

24   Demand is not excused with respect to the unjust enrichment and insider

25   trading claims because they do not address a majority of the Board.  *See* Compl.

26   ¶¶ 198-204.  The insider-trading claim only pertains to Plochocki, who is not a

27   Board member.  His potential liability is irrelevant to the demand futility analysis.

28   *See Guttman*, 823 A.2d at 503 n.22 ("[T]he fact that three non-director-defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

14

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   . . . are named in the case has little bearing on the demand excusal analysis for an

2   obvious reason:  they are not on the board.").

3        Only one Board member (Razin) is a defendant with respect to the unjust

4   enrichment claim.  Compl. ¶¶ 198-204; *see also id.* ¶ 167.  Where, as here, claims

5   are brought against a minority of directors, "a majority of the Board survives

6   scrutiny under the demand futility analysis."  *In re China Auto. Sys. Inc. Deriv.*

7   *Litig.*, 2013 WL 4672059, at *10-11 (Del. Ch. Aug. 30, 2013); *accord Baca*, 2010

8   WL 2812697, at *10 (where claim was asserted against less than half of the board,

9   plaintiff did not satisfy demand futility requirements); *Fosbre v. Matthews*, 2010

10  WL 2696615, at *7 (D. Nev. July 2, 2010) (same).[4]

11      **b.**    **No Director Faces A Substantial Likelihood Of Liability Based Upon The Disclosure Claim**

12       Plaintiff concedes that a majority of the Board (Malone, Panner, Frantz,

13  Margolis, and Klapstein) does not face a substantial likelihood of liability on her

14  disclosure claim because they did not join the Board until after the Company made

15  the alleged misstatements.  *See* Compl. ¶¶ 19-21, 178; Exs. 7-9; *Zoumboulakis v.*

16  *McGinn*, 148 F. Supp. 3d 920, 927 (N.D. Cal. 2015) (allegations "are insufficient

17  for demand futility because they pertain only to four directors of the current

18  Board—this is not the majority"); *In re Am. Int'l Grp., Inc. Deriv. Litig.*, 700 F.

19  Supp. 2d 419, 440 (S.D.N.Y. 2010) (where directors "joined the Board after [the

20  alleged misstatements were made] none of them faces any potential for liability"),

21  *aff'd*, 415 F. App'x 285 (2d Cir. 2011).  This ends the inquiry for this claim.

22       But even as to the four remaining directors (Razin, Rosenzweig, Bristol, and

23  Barbarosh), Plaintiff's allegations fall far short.  In order to show a substantial

24

25  _____

26  [4] Furthermore, Plaintiff has not pled any facts—let alone particularized ones—describing what improper "profits, benefits, and other compensation" Razin allegedly received.  *See* Compl. ¶ 200.  He therefore does not face a substantial

27  likelihood of liability on the unjust enrichment claim.  *See In re Accuray, Inc. S'holder Deriv. Litig.*, 757 F. Supp. 2d 919, 935-36 (N.D. Cal. 2010) (claim

28  dismissed where plaintiff failed to allege how defendant was enriched).

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

15

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1    likelihood of liability based upon her disclosure claim, Plaintiff must plead

2    particularized facts identifying "which disclosures were misleading, when the

3    Company was obligated to make disclosures, what specifically the Company was

4    obligated to disclose, . . . how the Company failed to do so," and how the directors

5    "made disclosures with knowledge that they were false or misleading or in bad

6    faith."  *In re Citigroup Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 132-34 & n.88

7    (Del. Ch. 2009).  Plaintiff has not shown any of this.

8         Plaintiff claims that the directors "caus[ed] or allow[ed] the Company to

9    disseminate materially misleading and inaccurate information."  Compl. ¶ 190.

10   But "[p]leading that the director defendants 'caused' or 'caused or allowed' the

11   Company to issue certain statements is not sufficient particularized pleading to

12   excuse demand[.]"  *Citigroup*, 964 A.2d at 133 n.88.  Plaintiff fails to make

13   particularized allegations regarding "how the board was actually involved in

14   creating or approving the statements," or that any of the directors "made

15   disclosures with knowledge that they were false or misleading or in bad faith"—

16   details that are "crucial to determining whether demand . . . would have been

17   excused as futile."  *Id.*  In fact, Plaintiff has not "made any specific allegations

18   about the [directors'] state of mind at all."  *See In re Polycom, Inc. Deriv. Litig.*, 78

19   F. Supp. 3d 1006, 1016 (N.D. Cal. 2015).  Absent "particularized allegations

20   explaining what the Directors knew, when they knew it, or anything more than

21   'general allegation[s] that the Board participated' in making or causing false or

22   misleading statements to be made," there can be no inference "that the board acted

23   in bad faith, knowingly, or with intent to deceive."  *Id.* at 1017 (citations omitted).

24        Plaintiff also states that Razin, Barbarosh, Bristol, and Rosenzweig served

25   on a "Special Committee that was responsible for the Company's Proxy Materials

26   and all signed the June 26, 2012 letter containing [allegedly] misleading guidance."

27   Compl. ¶¶ 175-76.  Neither allegation creates a substantial likelihood of liability.

28   It is well-settled that directors do not have "a culpable state of mind" based on

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

16

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1  allegations of board committee service.  *See Wood v. Baum*, 953 A.2d 136, 142-43

2  (Del. 2008).  Plaintiff does not allege any particularized facts suggesting that the

3  Special Committee "had an actual role in the alleged misstatements or that the

4  Committee knew of inaccuracies in the challenged statements."  *In re Coinstar Inc.*

5  *S'holder Deriv. Litig.*, 2011 WL 5553778, at *4 (W.D. Wash. Nov. 14, 2011).

6  Likewise, that certain directors "'signed' or were involved in 'reviewing' the

7  disclosures at issue" does not excuse demand, as those allegations are insufficient

8  to create an inference that the directors had actual or constructive notice of any

9  illegality.  *See Yahoo!*, 153 F. Supp. 3d at 1120; *see also In re Extreme Networks,*

10  *Inc.*, 573 F. Supp. 2d 1228, 1241 (N.D. Cal. 2008) ("[A] director's execution of

11  financial reports, without more, is insufficient to create an inference that he had

12  actual or constructive notice of any illegality.").[5]

### c.    No Director Faces A Substantial Likelihood Of Liability Based Upon The Oversight Claim

14  Plaintiff next alleges that the Defendants "failed to cause QSI to adopt and

15  implement an effective system of internal controls" over financial reporting, or

16  otherwise allowed Plochocki, Holt, and Razin to "override and violate the deficient

17  internal controls that did exist."  *See* Compl. ¶¶ 136, 191.  This failure of oversight

18  theory, commonly called a *Caremark* claim, is "possibly the most difficult theory

19  in corporation law upon which a plaintiff might hope to win a judgment."  *In re*

20  *Caremark Int'l Inc. Deriv. Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996).  To excuse

21  demand based on a *Caremark* claim, Plaintiff "must plead particularized facts to

22  show that '(a) the directors utterly failed to implement any reporting or information

23  system or controls; or (b) having implemented such a system or controls,

24  consciously failed to monitor or oversee its operations, thus disabling themselves

---

26  [5] Plaintiff claims that Razin faces a substantial likelihood of liability because he is
a named defendant in the Securities Class Action.  Compl. ¶ 174.  But "merely
27  being named in a lawsuit establishes nothing" for purposes of pleading a
substantial likelihood of liability.  *Gordon v. Bindra*, 2014 WL 2533798, at *11
28  (C.D. Cal. 2014).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

17

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

from being informed of risks or problems requiring their attention.'" *Yahoo!*, 153 F. Supp. 3d at 1121 n.7 (quoting *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006)). "In either case, imposition of liability requires a showing that the directors knew that they were not discharging their fiduciary obligations." *Stone*, 911 A.2d at 370. In other words, "director liability for failure to monitor require[s] a finding that the directors['] . . . indolence was so persistent that it could not be ascribed to anything other than a knowing decision not to even try to make sure the corporation's officers had developed and were implementing a prudent approach to ensuring law compliance." *Desimone v. Barrows*, 924 A.2d 908, 935 (Del. Ch. 2007).  Plaintiff comes nowhere close to meeting this rigorous standard.

### (1)   Plaintiff Admits That QSI Maintained A System Of Internal Controls

Plaintiff's own allegations refute her assertion that the Board "failed to cause QSI to adopt and implement an effective system of internal controls." *See* Compl. ¶ 191.  Plaintiff concedes that the Company had an oversight system (*id.* ¶ 180) that included: (1) an Audit Committee, responsible for reviewing "disclosures . . . about any significant deficiencies in the design or operation of internal controls or material weaknesses therein" (*id.* ¶ 33); and (2) Board involvement in "overseeing management of [the Company's] risks" (*id.* ¶ 180).

These admissions "do not support an inference of an 'utter failure to attempt to assure a reasonable information and reporting system exists,' but rather the opposite:  an evident effort to establish a reasonable system." *South v. Baker*, 62 A.3d 1, 18 (Del. Ch. 2012) (quoting *Caremark*, 698 A.2d at 971); *see also Polycom*, 78 F. Supp. 3d at 1015 (by acknowledging the "existence of [the company's] Audit Committee," plaintiff admitted that "internal controls were in place throughout the relevant period"); *In re Dow Chem. Co. Deriv. Litig.*, 2010 WL 66769, at *13 n.85 (Del. Ch. Jan. 11, 2010) ("Plaintiffs cannot simultaneously argue that the [company's] board 'utterly failed' to meet its oversight duties yet had 'corporate governance procedures' in place").  Plaintiff's allegations—that the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

level of oversight may have been inadequate in hindsight—falls well short of pleading that there was an utter failure to implement controls.  *See In re Gen. Motors Co. Deriv. Litig.*, 2015 WL 3958724, at *15 (Del. Ch. June 26, 2015) (allegations that there was "*some* oversight, albeit not to the Plaintiffs' hindsight-driven satisfaction" did not satisfy *Caremark* burden).

### (2)   Plaintiff Does Not Allege That The Board Consciously Disregarded Its Duties

Nor does Plaintiff allege that the Board consciously failed to monitor the Company's operations.  Demand is excused under this *Caremark* prong where Plaintiff pleads "with particularity that there were so-called 'red flags' that put the directors on notice of problems with their systems, but which were consciously disregarded."  *Yahoo!*, 153 F. Supp. 3d at 1121 (citation omitted).

Plaintiff has not pled facts showing the existence of red flags that put the current Board on notice of "serious misconduct" or "evidence of illegality."  *Baker*, 62 A.3d at 15.  At most, Plaintiff identifies two SEC comment letters from 2012 asking QSI to "describ[e] the assumptions underlying" the FY2013 projections in its proxy materials.  *See* Compl. ¶¶ 119, 121.[6]  But a majority of the directors joined the Board after QSI received and responded to the letters, and face no liability.  *See id.* ¶¶ 19-21, 178; Exs. 7-9; *Yahoo!*, 153 F. Supp. 3d at 1128 n.14.  Plaintiff therefore cannot establish demand futility on this claim.

Even as to the remaining directors (Razin, Rosenzweig, Bristol, and Barbarosh), the notices serve as red flags only "when they are either waved in one's face or displayed so that they are visible to the careful observer."  *Wood*, 953 A.2d at 143 (citation omitted).  Plaintiff does not allege that the directors received the letters.  Nor does she explain how the SEC letters could have alerted them to systemic deficiencies in the Company's internal controls.  Indeed, because the

---

[6] Plaintiff acknowledges that QSI addressed the SEC's comments.  *See* Compl. ¶¶ 119-22.  The SEC took no further action.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

19

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   letters did not claim that QSI violated any laws and did not "shed light on whether

2   the [Company] actually engaged in misconduct," they do not constitute red flags.

3   *See In re Johnson & Johnson Deriv. Litig.*, 865 F. Supp. 2d 545, 566 (D.N.J.

4   2011); *see also Impax*, 2015 WL 5168777, at *3, *5 (FDA Form 483s were not

5   "red flags" because they "simply informed . . . of 'conditions that *may* constitute

6   violations of the law'").

7        Assuming the letters constituted red flags (they do not), Plaintiff does not

8   allege that any Board member knew of the alleged deficiencies, knew that they

9   "created a high likelihood" that the Company was violating the law, and

10  nonetheless "failed to rectify" them.  *See In re Am. Apparel, Inc. S'holder Deriv.*

11  *Litig.*, 2012 WL 9506072, at *26 (C.D. Cal. July 31, 2012).  On the contrary, QSI

12  addressed the SEC's comments in 2012 (Compl. ¶¶ 119-22), and the SEC took no

13  further action.  *See also Johnson & Johnson*, 865 F. Supp. 2d at 566 (where

14  company cooperated with government, the allegations "suggest[] that the

15  corporation was responding appropriately").  Plaintiff has not pled any facts

16  demonstrating that the Board systematically and in bad faith failed to exercise

17  oversight under the stringent *Caremark* standard.

18       **d.    No Director Faces A Substantial Likelihood Of
              Liability Based Upon The Abuse-Of-Control Claim**

19       Plaintiff claims that Defendants abused their positions of authority by

20  (1) allowing QSI to make misrepresentations and permitting Plochocki to insider

21  trade; and (2) failing to recoup insider trading proceeds and incentive

22  compensation from Plochocki and Holt.  *See* Compl. ¶ 194.  The first allegation

23  simply rehashes the disclosure and insider trading claims and fails for the same

24  reasons described above.  *See supra* Sections III.B.1.a-b.

25       Nor does the second allegation excuse demand.  As an initial matter,

26  Plaintiff only alleges that two Board members, Barbarosh and Rosenzweig, should

27  have sought recoupment of the officers' compensation—less than a majority of the

28  Board.  *See* Compl. ¶¶ 181, 183-84.  In fact, demand cannot be futile on this claim

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

20

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   because a majority of the current Board (Malone, Margolis, Panner, Frantz, and

2   Klapstein) joined well after the alleged wrongdoing.  *See id.* ¶¶ 19-21; Exs. 7-9;

3   *see also In re VeriSign, Inc. Deriv. Litig.*, 531 F. Supp. 2d 1173, 1190, 1193 (N.D.

4   Cal. 2007) (demand not futile because the alleged wrongdoing took place before

5   six of the eleven directors joined the Board).

6        Plaintiff also does not plead facts demonstrating that recoupment would

7   have been appropriate.  It is well-settled that a "board's decision with respect to

8   executive compensation is entitled to great deference."  *Baca*, 2010 WL 2812697,

9   at *7.  The Company's compensation policy—cited by Plaintiff—permits recovery

10  of a portion of an executive's pay, at the Board's discretion, when (1) QSI restates

11  its financial statements; or (2) the executive engaged in "intentional misconduct

12  that contributed to an award of incentive compensation that was greater than would

13  have been awarded in the absence of such misconduct."  Compl. ¶ 182.  Plaintiff

14  does not allege that QSI restated its financials.  Nor does she plead facts

15  establishing that Plochocki's or Holt's compensation was impacted by the alleged

16  misstatements, as opposed to QSI's actual results, which are not challenged.  With

17  respect to Plochocki's "insider trading proceeds" (*id.* ¶ 182, 194), he has not been

18  found to have engaged in insider trading, so recoupment on this basis would not be

19  appropriate.  Because there were no grounds on which to seek recoupment,

20  Barbarosh and Rosenzweig do not face a substantial likelihood of liability for

21  failing to do so—particularly considering that the clawback policy is discretionary.

22  *Cf. Haberland v. Bulkeley*, 896 F. Supp. 2d 410, 430 (E.D.N.C. 2012) ("non-

23  binding" nature of advisory vote regarding executive compensation "did not

24  obligate [the Board] . . . to recoup any part of the compensation paid").  If

25  anything, Plaintiff's admission that the Board declined to award officers incentive

26  compensation following FY2013 (Compl. ¶¶ 156-57) supports "an inference that

27  they appropriately discharged their duties as board members, *not* that they face a

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

21

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1    substantial threat of personal liability for those actions."  *See Baca*, 2010 WL

2    2812697, at *11.

3                    e.      **No Director Faces A Substantial Likelihood Of Liability For Adopting Amended Indemnification Agreements**

4

5            Plaintiff's assertion that a majority of the Board faces a "substantial

6    likelihood of liability for approving amendments to QSI's indemnification

7    agreements" with QSI's officers and directors in January 2013 cannot excuse

8    demand for at least three reasons.  *See* Compl. ¶ 177.  First, Plaintiff does not rely

9    on the agreements as the basis for any of her claims.  *See supra* Section III.A.1.

10   Second, a majority of the directors—Malone, Panner, Frantz, Margolis, and

11   Klapstein—did not join the Board until after the agreements were amended (*see*

12   Compl. ¶ 177; Exs. 7-9), and thus face no liability with respect to them.  Demand

13   therefore cannot be excused on this basis.  *See Yahoo!*, 153 F. Supp. 3d at 1128

14   n.14.  Third, Plaintiff's allegations are unfounded on their face.  Plaintiff says that

15   the agreements "increase[d] defendants' indemnification rights . . . beyond those

16   permitted under California law."  Compl. ¶ 147.  But the public filings upon which

17   Plaintiff bases her assertion make clear that the agreements indemnify only "to the

18   fullest extent permitted by applicable law."  Ex. 5 at 60, 67.  No director faces

19   liability in connection with the indemnification agreements.

20                   f.      **No Director Faces A Substantial Likelihood Of Liability In Connection with Plochocki's Separation**

21           Finally, Plaintiff alludes to the fact that the Board did not fire Plochocki and

22   instead approved his separation agreement.  *See* Compl. ¶¶ 160-163.  Plaintiff

23   (again) does not mention this conduct in her counts, and it therefore does not form

24   the basis for any of her claims.  *See supra* Section III.A.1.  But even if it did,

25   demand is not excused on this claim for several reasons.

26           First, no director faces a substantial likelihood of liability because Plaintiff

27   does not allege particular facts showing that any Board member "had any personal

28   interest in or derived any personal benefit from approval of [Plochocki's]

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

22

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   Separation Agreement," or that any director "was beholden to [Plochocki] such

2   that he would have considered anything other than the Company's best interests in

3   awarding a separation package." *See In re HP Deriv. Litig.*, 2012 WL 4468423, at

4   *5 (N.D. Cal. Sept. 25, 2012).  Second, under prong two of the *Aronson* test,[7] the

5   Board's decision to enter into the separation agreement is protected by the business

6   judgment rule. *See id*. at *5; *Accuray*, 757 F. Supp. 2d at 929 ("[D]irectors have

7   the power, authority and wide discretion to make decisions on executive

8   compensation.") (citation omitted).  Under the agreement, Plochocki received his

9   previously awarded salary, the ability to enroll in health benefits, and the vesting of

10  20,000 of his QSI stock options. Ex. 6; Compl. ¶ 162.  In exchange, QSI "received

11  substantial consideration" (*Polycom*, 78 F. Supp. 3d at 1018), including

12  Plochocki's assistance with the CEO transition, cooperation with litigation, and

13  non-solicitation of QSI employees. Ex. 6.  Furthermore, while QSI obtained a

14  release of liability, it did not release Plochocki from claims arising out of

15  "fraudulent or criminal activity," which the Board may pursue if it discovers

16  grounds for doing so.  *Id*.

17      Consequently, the Board's approval of this agreement—particularly in the

18  absence of any finding that Plochocki acted wrongfully—was well within the

19  bounds of its judgment.  *See HP*, 2012 WL 4468423, at *7-9.  Indeed, Plaintiff

20  does not even "discuss the contract as a whole, and do[es] not provide factual

21  allegations to support a claim that the employment agreement was outside the

22  range of acceptable and rational agreements." *In re Maxwell Techs., Inc. Deriv.*

23  *Litig*., 2014 WL 2212155, at *16 (S.D. Cal. May 27, 2014).  Nor does she allege

24  that the decision to enter into the agreement "was made in bad faith, or that the

25  Board was not properly informed." *Id.*; *see also Wagner v. Selinger*, 2000 WL

26

27  [7] The *Aronson* test applies to the Plochocki separation agreement because it
    constitutes a decision by a majority of the current Board.  *See Bader*, 179 Cal. App.
28  4th at 791.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

23

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1   85318, at *9 (Del. Ch. Jan. 18, 2000) (demand not futile where Plaintiff did "no

2   more than take issue" with executive's separation package).

3          **2.**     **Plaintiff Has Failed To Establish That Any Director Lacks
    Independence**

4        Because Plaintiff has failed to establish that any director is interested (*i.e.,*

5   faces a substantial likelihood of liability with respect to at least one of the claims),

6   the independence of the Board members "need not be examined," as that issue "is

7   only relevant [to the demand-futility analysis] when there exists an interested

8   person." *Dow Chem.*, 2010 WL 66769, at *8 & n.38; *see also Bader*, 179 Cal. App.

9   4th at 792 (director lacks independence only where the "director is 'beholden' to

10  an interested director or officer, 'or so under [the interested director's or officer's]

11  influence that their discretion would be sterilized'" (citation omitted)).  Even if

12  Plaintiff adequately had alleged that any director was interested, however, she fails

13  to allege that any other director lacks independence, *i.e.*, is beholden to an

14  interested person.

15         **a.**    **Conclusory Assertions That Directors Lack

16  Independence Are Not Sufficient To Overcome The
    Presumption Of Independence**

17       Plaintiff's bald assertion that the "Board of Directors" lack independence

18  because they are "beholden to Defendant Razin" comes nowhere close to rebutting

19  the presumption of independence afforded every director.  Compl. ¶ 173.  The

20  Complaint does "not plead with particularity the reasons that [the directors] are

21  beholden to [Razin], facts suggesting a[] particularly close business affinity, or any

22  evidence of past actions which would bring independence into question." *See*

23  *McCabe v. Foley*, 424 F. Supp. 2d 1315, 1325 (M.D. Fla. 2006).  On the contrary,

24  Plaintiff does not allege that a single Board member has a relationship with

25  Razin—let alone one that is "so substantial that [the director] 'would be more

26  willing to risk his or her reputation than risk the relationship.'" *Bader*, 179 Cal.

27  App. 4th at 834 (citation omitted); *Beam v. Stewart*, 845 A.2d 1040, 1050 (Del.

28  2004) ("a relationship must be of a bias-producing nature" to excuse demand).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

24

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1    Similarly, Plaintiff contends that a "majority of the Board" lacks

2 independence because they "preferr[ed]" Plochocki's interests to those of QSI.

3 Compl. ¶ 169.  Again, Plaintiff's Complaint contains no allegations—let alone

4 particularized ones, on the required director-by-director basis—supporting an

5 inference that Plochocki's relationship with any director is "so close that [their]

6 independence may *reasonably* be doubted."  *Beam*, 845 A.2d at 1051.  Nor does

7 Plaintiff allege that Plochocki controlled any director.  *See In re J.P. Morgan*

8 *Chase & Co. S'holder Litig.*, 2005 WL 5783536, at *10 (Del. Ch. Apr. 29, 2005)

9 (demand not futile where complaint was "devoid of particularized facts that would

10 lead to the conclusion that [the CEO] had any influence over" any director).

### b.    Razin's Share Ownership And Frantz's Position At QSI Are Not Determinative Of Independence

12    Plaintiff also contends that Razin lacks independence because he holds

13 16.2% of the Company's stock.  Compl. ¶ 175.  But owning a significant number

14 of shares does not cast doubt upon Razin's ability to act independently; rather, "the

15 only reasonable inference that . . . can [be] drawn is that [he] is an economically

16 rational individual whose priority is to protect the value of his . . . shares."  *Stiegele*

17 *v. Bailey*, 2007 WL 4197496, at *15 (D. Mass. Aug. 23, 2007) (citation omitted).

18    Likewise, Plaintiff alleges that Frantz lacks independence because he is

19 QSI's CEO.  Compl. ¶ 179.  Frantz's position "merely indicates that his interests

20 were aligned with the corporation's interests, and is not a ground for challenging

21 his disinterestedness."  *See Am. Int'l Grp.*, 700 F. Supp. 2d at 434.  This is

22 particularly true here, since he joined the Company in 2015—years after the events

23 at issue.  *See id.*; *see also* Ex. 8.  That Frantz is not considered independent under

24 NASDAQ rules "does not bear upon independence for demand futility purposes.

25 The two standards are completely different."  *Maxwell*, 2014 WL 2212155, at *6.

26 **IV.    CONCLUSION**

27    For the reasons stated, the Complaint should be dismissed with prejudice.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

25

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR

1 | Dated:  January 12, 2017

LATHAM & WATKINS LLP

2

3 | By:  /s/ Andrew R. Gray
        Andrew R. Gray

4 | Attorneys for Nominal Defendant
5 | Quality Systems, Inc. and Defendants
    Craig A. Barbarosh, George H. Bristol,
    James C. Malone, Peter M. Neupert,
6 | Morris Panner, D. Russell Pflueger,
    Steven T. Plochocki, Sheldon Razin,
7 | Lance E. Rosenzweig, and Paul A. Holt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

26

MEMORANDUM OF POINTS AND AUTHORITIES
ISO MOTION TO DISMISS
Case No.: 8:17-cv-01694-CJC-JPR